

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

                     Attention: Mr. D. P. Harkrider, Director
                             of Insurance

Dear Sir:         Opinion No. O-6268
                 Re: Whether under the provisions of Article
                     5891b, Vernon's Annotated Civil Stat-
                     utes, Texas Defense Guardsmen en route
                     between their homes or places of bus-
                     iness and designated places of assembly
                     for training or other duty are covered
                     by Workmen's Compensation Benefits.

        In your letter of November 6, 1944, submitting the
above question, you point out that under the General Workmen's
Compensation laws of the State, the courts have generally held
that injuries received while going to and returning home from
work are not compensable, unless special facts bring that par-
ticular case within the intent of the law.

        It is apparent from reading the provisions of Article
5891b, Vernon's Annotated Civil Statutes, that same follows
substantially in its enactment the provisions of the General
Workmen's Compensation Law with the material exceptions herein-
after pointed out. This Article, in sub-division No. 8 of
Section 4, provides:

        "The term 'injuries sustained in the course of
    duty' shall mean all injuries sustained in Texas while
    in military training or while performing duty as a
    member of the Texas Defense Guard. The term 'injuries
    sustained in the course of duty' as used in this law,
    shall not include ('follows certain exceptions not material').

        "(4) . . . ., but shall include all other in-
    juries of all other kind and character having to do
    with and originating in the duties of the Texas Defense
    Guard."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In the case of Cherry v. Magnolia Petroleum Company, 45 S. W. Sec. 555 (Comm. App. Sec. a), the Court said:

"'In the course of his employment' in the original Workmen's Compensation Act 1913, meant that injury must have arisen during the period of employment, and place where employee might reasonably have been, and while he was reasonably fulfilling duties of employment."

The apparent distinguishing language of this Act from the General Workmen's Compensation Act is in the word "duty" used in its broadest sense and inserted in lieu of the word "employment" and "work, business, trade or profession."

In considering injury sustained in "the course of duty", and "having to do with and originating in the duties of the Texas Defense Guard", it will be noted that the Act divides or characterizes this duty into two sub-divisions, viz. (a) while in military training, (b) while performing duty as a member of the Guard.

When we consider the word "employment" we think the Legislature used the term "duty" in the sense of "work" or "employment" and which terms have been held synonymous or convertable. Chicago and A. R. Co. v. Bragonier, 7 N. E., p. 688.

We therefore agree with your statement that injuries received while going to and returning from the place where actually engaged in military training, or the actual performance of duty, are not covered in general under the provisions of the Act.

We realize, however, that there may be special cases which might bring the injury within the terms of the Act, as having to do with and originating in the duties of the Guard, which cases we do not pass upon in this opinion but same will have to be determined under the facts of each case. In this connection, we refer you to the following cases: Smith v. Texas Employers' Insurance Association, 105 S. W. (2d), 192; Texas Employers' Insurance Association v. Andrews, 110 S. W. (2d) 49; Federal Underwriters Exchange v. Lehers et ux, 120

S. W. (2d) 791; United States Fidelity & Guaranty Co. v. Flanagan, 134 S. W. (2d) 210, para. 4.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WJRK:lw

APPROVED JAN 26 1945

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN